**KENNETH ROSELLINI (6047)**
**ATTORNEY AT LAW**
636A Van Houten Avenue
Clifton, New Jersey 07013
(973) 998-8375 Fax (973) 998-8376
*Attorney for Plaintiff, Dennis Mazzetti*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS MAZZETTI, <br><br> Plaintiff, <br><br> v. <br><br> THE NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY ("DCP&P") (formerly Division of Youth & Family Services), CHRISTOPER JAMES "CHRIS" CHRISTIE, in his individual and official capacities, LISA VON PIER, in her official capacity as Director of DCP&P, ALLISON BLAKE, in her official capacity as the Commissioner of the Department of Children and Families, KATHLEEN A. LUCAS, in her individual capacity, ANNA SEVERINO, in her individual capacity, MARY WEIXEL-MARTIN, in her individual capacity, SUSAN M. SLAFF, in her individual capacity, ALICE SCHAEFFER NADELMAN, in her individual capacity, BONNIE J. MIZDOL, in her individual capacity and official capacity, MARGARET FOTI, in her individual capacity and official capacity, ELLEN BUCKWALTER, in her individual capacity, KIMBERLY ROBERTS, in her individual capacity, ERICA ZAPATA, in her individual capacity, and John Does 1-15, <br><br> Defendants. | CIVIL ACTION <br><br> Case No. : 12-5347 (KSH) (PS) <br><br> JURY TRIAL DEMANDED <br><br> AFFIDAVIT OF PREJUDICE OF THE HONORABLE KATHARINE S. HAYDEN, U.S.D.J. FOR RECUSAL AND ASSIGNMENT OF NEW JUDGE PURSUANT TO 28 *U.S.C.A.* §144 |

Plaintiff Dennis Mazzetti in the above-captioned matter, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-entitled cause.

2. I believe that the Honorable Katharine S. Hayden, Judge of the United States District Court in which this action was commenced and is now pending, and before whom it is to be tried or heard, has a personal bias and prejudice against me an in favor of the Defendants, and the reason for such belief is as set forth *infra*.

3. The action in the above-captioned case concerns, *inter alia*, my Civil and Constitutional Rights of due process in connection with my assertion of rights in New Jersey Superior Court, Chancery Division, Family Part proceedings and my First Amendment advocacy for my parental rights and freedom of association with my biological son D.M.

4. The proper evaluation of my Civil and Constitutional Rights in this case require a thorough and complete investigation of the lack of Constitutional procedures in the New Jersey Superior Court, Chancery Division, Family Part throughout the State of New Jersey and the New Jersey Division of Child Protection & Permanency (formerly Division of Youth & Family Services, and referred to hereafter at times as "DYFS").

5. Recent events and revelations have shown that Judge Hayden's biases and prejudices with respect to these matters and institutions make it impossible for me to obtain a fair judicial proceeding in this matter as long as Judge Hayden continues to be the presiding judge, which is why I am asserting my rights pursuant to 28 *U.S.C.A.* §144 to assert by Affidavit of Prejudice that the United States

District Court for the District of New Jersey assign another judge to hear the proceeding.

6. My rights are continuing to be violated by the New Jersey Superior Court, Chancery Division, Family Part and DYFS, and, upon information and belief, a primary reason is their complete lack of concern for any accountability in this Court.

7. For example, in recent proceedings before the Honorable Margaret Foti, J.S.C. (a Superior Court Judge sitting on the Superior Court of the State of New Jersey, Chancery Division, Family Part, as a Judge in the Bergen County Vicinage), whom I have added to the Civil Rights Complaint in this case as a Defendant by way of Amendment filed on December 4, 2015 due to her unlawful assertion of jurisdiction where there is none over my biological son, D.M., ("Foti" or "Judge Foti") Judge Foti was dismissive of my Civil Rights action.

8. When informed about my concern for retaliation by DYFS in the Family Division due to my Civil Rights case, Judge Foti simply stated to my counsel, you can "give me a call" when the judge makes a decision, and showed no concern for any repercussions for the Family Division's Un-Constitutional and unlawful assertion of jurisdiction over my son, D.M. and interference in my rights of Freedom of Association and as a Testamentary Guardian in the State of New Jersey, as is outlined in great detail in my Amended Complaint and which I

incorporate by reference in this Affidavit.

9. Based on Judge Hayden's actions and statements in Court to date, DYFS and Judge Foti's continued violations of my Civil Rights, and recent facts which have come to my attention, my application under 28 *U.S.C.A.* §144 to that the United States District Court for the District of New Jersey assign another judge to hear the within proceeding should be granted.

10. Judge Hayden's biases and prejudices can be shown from her in Court statements and personal relationships to the matters involved in this case.

11. First, Judge Hayden served as a Judge in the Superior Court of New Jersey, Chancery Division, Family Part from approximately 1991 to 1997, and therefore has a personal interest and bias in protecting the Family Part Court from a thorough Constitutional review because Judge Hayden's associations with Family Part judicial officers prevent her from doing so.

12. Second, Judge Hayden is, upon information and belief, related by law and marriage to current New Jersey Appellate Division Judge, and former New Jersey Family Part Judge Margaret M. Hayden, whom preside during times relevant to my case a judge over DYFS matters which likely involved similar substantive due process violations as I am asserting in my Amended Complaint.

13. Third, it has come to my attention that Judge Hayden is the wife of attorney Joseph Hayden, Jr., whose law firm represented Mohamed Khalil,

(charging in excess of $80,000) in a Petition for Certification to the Supreme Court of the State of New Jersey involving similar issues of substantive due process violations in a DYFS case as in my case.

14. Judge Hayden dismissed Mohamed Khalil's Civil Rights case against DYFS on similar grounds to that for which she improperly dismissed my case (on *Rooker-Feldman* grounds) while Mr. Khalil was being represented by my attorney in this case, Kenneth Rosellini, Esq. (*see* U.S.D.N.J. Docket No.: 12-7284 (KSH) currently on appeal in the Third Circuit Case No.: <u>14-1506</u>).

15. Judge Hayden did not disclose this potential conflict in the Khalil matter.

16. The following are relevant exchanges from the Oral Argument on the motion to dismiss in my case which was heard before Judge Hayden and my counsel, which further demonstrate bias and prejudice in this case which are leading DYFS and the Superior Court of New Jersey, Chancery Division, Family Part to act as though they fear no repercussions for continued violations of my Civil Rights and assertion of unlawful jurisdiction.

THE COURT [Honorable Katherine S. Hayden, U.S.D.J**.**]**: It seems to me, from my own [acquaintance] with the way in which the state court judges oversee DYFS cases**, and the cases that have been brought to the federal court that I am aware of attacking the division, that this case got a lot of attention. I mean a five day termination trial. Those orders that you cite to may or may not be part of the routine overview that a judge does. But it seems to me that the merits were out there and that the decision was made as a result of the adversary process.

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 6-7.

THE COURT [Honorable Katherine S. Hayden, U.S.D.J.]: You don't see a problem as a practicing lawyer with all of these judges monkeying around with this case? How could I issue any kind of relief for your client? Short of telling them to all write him checks, that would not be inextricably involved with what the judges and the state has done. The many judges who have touched this case, whether they would be trial or appellate.

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 14-15.

THE COURT [Honorable Katherine S. Hayden, U.S.D.J.]: [Comparing Mazzetti's claims to a claim for Malicious Prosecution, which he has not brought and which was not before the Court, Judge Hayden stated] He would have to show me that the case that he said was maliciously brought him was terminated or resolved in his favor. Otherwise, every single time somebody is charged with a crime and don't like the result they could come in and say that everybody who worked on the case was bad, from the prosecutor through to the police and the judge and everybody. Mr. Mazzetti is doing the same thing in the case of a family law case, and it was not terminated *in* his favor. He doesn't like what happened and he doesn't like the people who worked on it. A lot of people have come to federal court equally disenchanted and they have not been able to get through the door, because of Rooker-Feldman or the immunity arguments

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 16.

[Mazzetti's Counsel, stating that Mazzetti's case is not a malicious prosecution civil rights case, was met with indignation by Judge Hayden].  MR. ROSELLINI: Well, your Honor, I respectfully disagree with you with respect to there has to be a finding of reversal in the appellate court proceedings in the criminal action or the state action. And as I cited in-

THE COURT [Honorable Katherine S. Hayden, U.S.D.J.]: Well, you better respectfully disagree because you are wrong. . . . And the reason behind the rule seems to me in Heck v. Humphreys is again the impropriety of federal courts messing around with state court proceedings.

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 16-17

THE COURT [Honorable Katherine S. Hayden, U.S.D.J.]: Because particularly, now I'll jump into a family court situation. The child evolves. This child is different today than he was yesterday. And to the extent that he's the subject of the parens patriae jurisdiction of the state court, that state court can arguably be called upon at any point,
.
*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 18.

THE COURT: [Honorable Katherine S. Hayden, U.S.D.J.] Are you to tell me that at no time in this case was Mr. Mazzetti taken seriously in terms of his claim? And at no time was there ever an order that went to his ability to see his child, if he did thus and so? Are you me he was never taken seriously as a parent?

MR. ROSELLINI: Yes. Quite frankly I can say, and pretty much as often in state court proceedings as the law exists in New Jersey, that the state courts are pretty much rubber stamping anything that the division asks for.

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 32.

THE COURT: [Honorable Katherine S. Hayden, U.S.D.J.] Mr. Spinelli, I'm talking to you as a lawyer. You're saying that I should take what you said seriously.  I should go through the record and look at every time that your client raised an issue before a state court judge, during the pendency of this case or of his state court case, I should make independent findings as to how that issue should have been decided?

MR. ROSELLINI: Your Honor, my name is Rosellini

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 32-33.

MR. ROSELLINI: The state and constitutional law going back to the founding of this country and the traditions under Civil Rights determinations is that the state does not have a right to challenge the paternity of the child if the parents agreed to it. There's no authority for the division to come in and challenge paternity.

THE COURT: [Honorable Katherine S. Hayden, U.S.D.J.]  Well that may be an issue that you may want to bring up again and and I am sure you brought it up about it --how many times, 750 in the course of Mr. Mazzetti's involvement?

MR. ROSELLINI: Your Honor, I severely take issue with your characterization of the appeals. 750 times is an insult.

*See* Transcript of March 13, 2013 Motion Hearing before the Honorable Katherine S. Hayden, U.S.D.J., Mazzetti v. DCP&P, et al., Docket 12-5347 (U.S.D.C. 2013), at pp. 37-38.

17. Based on the foregoing, the DYFS Defendants and the Defendants associated with the New Jersey Superior Court, Chancery Division, Family Part, will have no fear of any Civil Rights accountability in this Court based on the biases and prejudices of Judge Hayden that I have set forth.

18. It took me and my counsel a year and a half to reinstate my Civil Rights case after Judge Hayden's decision dismissing it.

19. I cannot afford to have this kind of delay with respect to the current Amended Complaint, as the irreparable harm that is occurring with respect to my son D.M. because of the continued violations of my Civil and Constitutional Rights is enormous, and thus I am asserting my rights under 28 *U.S.C.A.* § 144.


DENNIS MAZZETTI

On December 7, 2014, before me, the undersigned, personally appeared Kenneth Rosellini, Esq., personally known to be on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual executed the instrument.

Subscribed and Sworn to me this

7th day December 2014

<u>Notary Signature</u>
Kenneth Rosellini Attorney at Law
State of New Jersey in Good Standing